IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SCOTT WILLIAMS,

        Plaintiff,

        v.

NCB MANAGEMENT SERVICES, INC.,

        Defendant.

Civ. No. 1:12-CV-02034-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

In this action, Plaintiff Scott Williams alleges a violation of the Fair Credit Reporting Act (FCRA). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is Defendant NCB Management Services, Inc.'s ("NCB") Motion to Dismiss and Alternative Motion for Summary Judgment (#5). For the reasons stated below, NCB's alternative motion for summary judgment should be GRANTED.

## LEGAL STANDARDS

NCB has filed a motion to dismiss and alternative motion for summary judgment. Because the court is relying on a declaration from NCB's Executive Vice President, Ralph

Liberio, which is outside the pleadings, the court exercises its discretion to grant NCB's motion for summary judgment and deny, as moot, NCB's motion to dismiss Plaintiff's claims.

Federal Rule of Civil Procedure 12(d) states that if a moving party, while putting forward a motion to dismiss, presents "matters outside the pleadings," which the court does not exclude, "the motion must be treated as one for summary judgment under Rule 56." When doing so, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to point out an absence of a genuine issue of fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 325 (1986). When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. Id. at 324. An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

NCB has supported its motion to dismiss and alternative motion for summary judgment with a declaration as well as with exhibits showing Plaintiff had an account with Bank of America. The Court has not excluded the facts presented within NCB's declaration (#9) and, therefore, must construe NCB's pending motion as a motion for summary judgment.

Plaintiff claims NCB violated the FCRA when NCB obtained Plaintiff's TransUnion credit report on December 7, 2011. Plaintiff claims that NCB did not have a "permissible

purpose" under 15 U.S.C. §1681b for obtaining Plaintiff's report. NCB's declaration constitutes admissible evidence and states that Plaintiff's Bank of America Visa account was placed with NCB for collection on December 7, 2011. NCB's declaration also states that NCB's request for Plaintiff's credit report was connected to NCB's collection of Plaintiff's account.

Congress passed the FCRA "to promote efficiency in the Nation's banking system and to protect consumer privacy." TRW Inc. v. Andrews, 534 U.S. 19, 23 (2001). In order to achieve these goals, the FCRA limits the circumstances under which credit reporting agencies can furnish consumer reports to "certain statutorily enumerated purposes." 15 U.S.C. § 1681(a)(3), 1681b(a). A consumer reporting agency can only supply a consumer report "to a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681(a)(3)(A).

Courts have found that debt collection is a permissible purpose for obtaining a consumer report, under this section of the FCRA. Robinson v. TSYS Total Debt Management, Inc., 447 F.Supp.2d 502, 512 (D.MD. 2006); Duncan v. Handmaker, 149 F.3d 424, 428 (6th Cir. 1998); Edge v. Professional Claims Bureau, Inc., 64 F.Supp.2d 115, 118 (E.D.N.Y. 1999). The debt collection must, however, concern "a credit transaction involving the consumer on whom the information is to be furnished." § 1681b(a).

The Ninth Circuit applied this standard in Pintos, holding that the plaintiff was not involved with a credit transaction with a towing company after the police had her car towed. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 675-676 (9th Cir. 2010). The court held that although the plaintiff initiated the chain of events that led to the police towing her car, she did not ask to have her car towed. Thus, she did not "initiate" and, therefore, was not "involved" in

the credit transaction with the towing company, which resulted in a collection agency requesting her credit report. Id.

Here, NCB is a debt collection agency, and Ralph Liberio stated in his declaration that NCB requested Plaintiff's credit report in connection with its collection of Plaintiff's account. This evidence is sufficient to show that NCB was in compliance with §1681b(a)(3)(A) of the FCRA when it requested Plaintiff's credit report. Unlike NCB, plaintiffs' declaration does not allege any facts, and includes only conclusory statements.

Plaintiff submitted a declaration (#14) opposing NCB's motion but, in it, did not allege any facts that controvert NCB's evidence that NCB acted in compliance with the law. Plaintiff, for instance, does not allege that he did not initiate the credit transaction that led to NCB requesting his credit report, either because he did not apply for the Bank of America Visa at issue or because he did not initiate the transaction(s) that led to the account's deficiency. Had he, there would be a genuine issue concerning whether Plaintiff was "involved" in the transaction that led NCB to request Plaintiff's credit report. Neither has Plaintiff alleged that NCB requested Plaintiff's credit report for a reason other than collecting on his Bank of America Visa account nor that the account was in good standing at the time that NCB made the request. Thus, Plaintiff has failed to allege a "genuine issue as to any material fact" and his claim cannot survive NCB's motion for summary judgment. Fed. R. Civ. P. 56(c).

## RECOMMENDATION

For the reasons stated above, NCB's alternative motion for summary judgment should be GRANTED and NCB's motion to dismiss should be DENIED as moot.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due no later than fourteen days after the date this recommendation is filed. If objections are filed, any response is due within fourteen days after the date the objections are filed.* See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___13___ day of February, 2013.

MARK D. CLARKE
United States Magistrate Judge